RACHEL KREVANS (CA SBN 116421)
RKrevans@mofo.com
MATTHEW A. CHIVVIS (CA SBN 251325)
MChivvis@mofo.com
WILLIAM C.M. GOODWIN (CA SBN 284811)
WGoodwin@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

JESSICA ANNE ROBERTS (CA SBN 265570)
JRoberts@mofo.com
MORRISON & FOERSTER LLP
12531 High Bluff Dr.
San Diego, CA 92130
Telephone: 858.720.5100
Facsimile: 415.268.7522

Attorneys for Defendant and Cross-Complainant
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA STRAWBERRY COMMISSION,<br><br>　　　　　　　Plaintiff,<br>　　v.<br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA and DOES 1 through 50,<br><br>　　　　　　　Defendants. | Case No. _<br><br>**DEFENDANT AND CROSS-COMPLAINANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1454** |
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>　　　　　　　Cross-Complainant,<br>　　v.<br>CALIFORNIA STRAWBERRY COMMISSION and DOES 51 through 60,<br><br>　　　　　　　Cross-Defendants. | |

sf-3470135

# DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1454, Defendant and Cross-Complainant The Regents of the University of California ("University") hereby removes the above-referenced action filed by Plaintiff and Cross-Defendant California Strawberry Commission ("Commission") from the Superior Court of the State of California for the County of Alameda to the United States District Court for the Northern District of California. Alameda County is located within the Northern District of California. 28 U.S.C. § 84(a). This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. §§ 1446 and 1454. Under § 1454(a), the proper division for this action is the Oakland Division of the Northern District of California. As required by 28 U.S.C. § 1446(d), copies of this Notice of Removal are being served upon counsel for the Commission and filed with the Clerk of the California Superior Court for the County of Alameda. A copy of the Notice being filed in state court is attached hereto (without exhibits) as Exhibit A.

## PROCEDURAL HISTORY

1. On October 8, 2013, the Commission filed, but did not serve, a Complaint alleging causes of action for breach of contract, breach of implied contract, and declaratory relief against the University, which was captioned *California Strawberry Commission v. The Regents of the University of California, and Does 1 through 50*, Case Number RG13698448. A copy of the Complaint is attached hereto as Exhibit B. The Complaint was served on December 9, 2013. A copy of the Proof of Service of Summons is attached hereto as Exhibit C.

2. On January 17, 21, and 30, 2014, and on February 18, 2014, the parties jointly stipulated to extend the deadline for the University to respond to the Complaint, to allow settlement discussions to take place. Copies of these stipulations are attached hereto as Exhibit D.

3. On March 5, 2014, the Commission filed a First Amended Complaint realleging its breach of contract and declaratory relief causes of action and newly alleging a cause of action for conversion. A copy of the First Amended Complaint ("FAC") is attached hereto as Exhibit E.

4. On March 17, 2014, the state court ordered that the Commission could grant extensions of time to the University to respond to the First Amended Complaint until July 21,

2014, to allow further time for settlement discussions to take place. Copies of the state court's complex case designation and case management orders are attached hereto as Exhibit F.

5. On April 22, 2014, the University filed a Demurrer to the Commission's First Amended Complaint; on August 13, 2014, the Commission filed an Opposition to the University's Demurrer ("Opp'n"); and on August 19, 2014, the University filed a Reply in support of its Demurrer. On October 2, 2014, the state court overruled the Demurrer and ordered the University to answer by October 31, 2014. Copies of these filings are attached hereto as Exhibit G.

6. On October 28, 2014, the University filed an Answer generally denying the Commission's allegations and a Cross-Complaint alleging patent infringement declaratory relief claims as well as state law unfair competition and tort claims. Copies of these filings are attached hereto as Exhibit H.

## BASIS FOR AND TIMELINESS OF REMOVAL

7. A matter may properly be removed to federal court if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal courts have exclusive jurisdiction over patent infringement claims. 28 U.S.C. §§ 1331, 1338. Moreover, this action is one that may be removed to this Court pursuant to 28 U.S.C. § 1454(a), which provides that "[a] civil action in which *any party* asserts a claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights may be removed to the district court of the United States for the district and division embracing the place where the action is pending." (emphasis added.) Indeed, § 1454, which became law as part of the America Invents Act of 2011, was intended to abrogate *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.* by expressly allowing a defendant to remove based on patent infringement counterclaims. *See* Joe Matal, *A Guide to the Legislative History of the America Invents Act: Part II of II*, 21 Fed. Circuit B.J. 539 (2012) (citing H.R. No. 112-98, at 81 (2011); Leahy-Smith American Invents Act, § 19, 125 Stat. at 332; 157 Cong. Rec. S1378 (daily ed. Mar. 8, 2011) (statement of Senator Kyl)).

8. The University alleges declaratory relief counterclaims regarding infringement of eleven plant patents in its Cross-Complaint and direct infringement of three plant patents. Thus, removal is proper under § 1454(a) because a party — the University — asserts claims for relief "arising under any Act of Congress relating to patents." The University's declaratory relief claim regarding ownership and its substantive defenses to the Commission's claims may also necessarily depend on the resolution of substantial questions of federal law regarding, for example, patent assignment and implied license.

9. The University's removal is timely under the "Special Rules" provided by § 1454(b). This provision states that the time limitations for removal in § 1446 "may be extended at any time for cause shown." The University timely filed its Cross-Complaint alleging declaratory relief counterclaims on October 28, 2014 in advance of the deadline to answer. This Notice of Removal was filed the next business day. Cause therefore exists to extend the time limitation for removal up to and including the date on which this Notice of Removal was filed.

10. The University cannot reasonably be expected to have removed earlier. The Commission's well pleaded First Amended Complaint avoids directly mentioning the University's patents. Rather, it alleges that "the University submitted a Project Plan/Research Grant Proposal ('Project Plan') requesting a specific sum of money from the Commission to fund the Pomology Program" and the parties entered agreements incorporating the Project Plan. (FAC ¶ 11.) The Pomology Program is the University's strawberry breeding program. (*Id.* ¶ 5.) The First Amended Complaint further alleges the University breached the grant agreements by "failing to provide the Commission with the results of the Pomology Program, including without limitation the germplasm and the data necessary to understand and further develop the germplasm." (*Id.* ¶ 27.) The term "germplasm" is sometimes used to refer to living tissue of these varieties that can be cultured into a whole plant. (*Id.* ¶ 9.)

11. Unlike the original Complaint, the First Amended Complaint also includes a conversion claim, alleging that "[t]he Commission has an immediate right to possession of the results of the Pomology Program, including without limitation the germplasm and the data necessary to understand and further develop the germplasm." (*Id.* ¶ 42.) While this claim

touches on the University's propriety rights to Pomology Program germplasm, it was not until later that the Commission made clear that the controversy encompasses the University's patent rights.

12. After the University filed its Demurrer to the Commission's First Amended Complaint on April 22, 2014, the Commission opposed on August 13, 2014. In that Opposition, the Commission expressly states that "the University is obligated to make the germplasm and associated data available to the Commission upon demand, and the Commission may make a copy as desired (a 'copy' is the term used to describe a genetic duplicate of the germplasm)." (Opp'n at 1.) Copying a patented plant by asexually reproducing a genetic duplicate of it is an act of infringement under plant patent law. *Imazio Nursery v. Dania Greenhouses*, 69 F.3d 1560, 1567-68 (Fed. Cir. 1995). Hence, this statement puts infringement of the University's plant patents over strawberry varieties that comprise the germplasm directly at issue. Moreover, the Commission states that it would be improper to "assume that the germplasm associated data constitute the University's tangible and intellectual property to which the Commission requires a license." (Opp'n at 2.) Taken together, these statements necessitated the University's assertion of patent infringement counterclaims in its Cross-Complaint, which was timely filed before the deadline to answer. Accordingly, cause exists to extend the time limitation for removal for this reason as well.

13. This Court has supplemental jurisdiction over all of the other state law claims in this case because they all form part of the same case or controversy. 28 U.S.C. § 1367; *see City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164-65 (1997). It is now apparent that both parties' claims concern issues relating to the University's intellectual and tangible property rights in Pomology Program germplasm, including the University's patent rights over varieties that comprise the germplasm.

### **CONCLUSION**

14. For all of the reasons stated above, this action is within the original jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 and 1338 as a civil action arising under any Act of Congress relating to patents. Accordingly, this action is removable pursuant to 28 U.S.C. § 1454.

WHEREFORE, the University gives notice that the above-described action pending against it in the Superior Court for the County of Alameda is removed to this Court.

Dated: October 29, 2014

RACHEL KREVANS
MATTHEW CHIVVIS
MORRISON & FOERSTER LLP

By: */s/ Rachel Krevans*
      Rachel Krevans

Attorneys for Defendant
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA

# **PROOF OF SERVICE**

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is 425 Market Street, San Francisco, California 94105-2482.

On October 29, 2014, I served the foregoing document described as:

**DEFENDANT AND CROSS-COMPLAINANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1454**

on each interested party, as follows:

> Michael Adams, Esq.
> madams@rutan.com
> Rutan & Tucker, LLP
> 611 Anton Boulevard, Suite 1400
> Costa Mesa, California 92626-1931
> *Attorneys for Plaintiff California Strawberry Commission*

[X] (BY OVERNIGHT DELIVERY) I placed a true copy of the foregoing document in a sealed envelope addressed to each interested party, as set forth above. I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at Morrison & Foerster LLP, San Francisco, California. I am readily familiar with Morrison & Foerster LLP's practice for collection and processing of correspondence for mailing with the United Parcel Service. Under that practice, the correspondence would be deposited in the United Parcel Service on that same day in the ordinary course of business.

[X] (BY ELECTRONIC MAIL) I caused the foregoing document to be served electronically by electronically mailing a true and correct copy through Morrison & Foerster LLP's electronic mail system to the e-mail address(es), as set forth above, and the transmission was reported as complete and no error was reported.

Executed on October 29, 2014, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Matthew A. Chivvis (MChivvis@mofo.com)  _____
(Type or print name)                                                     (Signature)

sf-3470135