"11891256"

FILED
ALAMEDA COUNTY

13 OCT -8 PM 2:17

M Hayes

1   RUTAN & TUCKER, LLP
    Michael Adams (State Bar No. 185835)
2   madams@rutan.com
    Heather Herd (State Bar No. 217521)
3   hherd@rutan.com
    Chelsea Epps (State Bar No. 261026)
4   cepps@rutan.com
    611 Anton Boulevard, Suite 1400
5   Costa Mesa, California 92626-1931
    Telephone:  714-641-5100
6   Facsimile:  714-546-9035

7   Attorneys for Plaintiff
    California Strawberry Commission

8

                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     FOR THE COUNTY OF ALAMEDA

10

11  CALIFORNIA STRAWBERRY              Case No.  RG13698448
12  COMMISSION,
                                       COMPLAINT FOR:
13            Plaintiff,
                                       (1)  BREACH OF CONTRACT
14       v.
                                       (2)  BREACH OF IMPLIED CONTRACT
15  THE REGENTS OF THE UNIVERSITY
    OF CALIFORNIA and DOES 1 through 50,  (3)  DECLARATORY RELIEF
16
              Defendants.
17

18       Plaintiff California Strawberry Commission (the "Commission") hereby alleges for

19  its Complaint against The Regents of the University of California ("University") as

20  follows:

21                            **PARTIES**

22       1.   The Commission is a state-chartered agency of the California Department of

23  Food and Agriculture, headquartered in Watsonville, California.  The Commission

24  represents California's strawberry growers.  Its mission is to promote California

25  strawberries and manage industry issues, with a focus on production and nutrition research,

26  trade relations, public policy, marketing and communications.

27       2.   Defendant University is, and at all times relevant to this action was, a

28  California Constitutional Corporation authorized and empowered to administer the public

Rutan & Tucker, LLP
attorneys at law

2222/029416-0002                  -1-
6011225.7 a10/07/13              COMPLAINT

1 trust known as the University of California, with full powers of organization and

2 government thereof.  The University administers, among other things, the University of

3 California at Davis.

4        3.      The Commission is unaware of the true names and capacities, whether

5 individual, corporate, associate or otherwise of Does 1 through 50, inclusive, and therefore

6 sues these defendants and real parties in interest by such fictitious names.  The

7 Commission will amend this pleading to show their true names and capacities when they

8 have been ascertained, or upon proof at trial.  The Commission is informed and believes

9 that each of the Doe defendants is responsible for the liabilities, breaches, damages, and

10 harms alleged in this action.

11        4.      The Commission is informed and believes and on that basis alleges that at all

12 relevant times the University and the Doe Defendants, and each of them, were the agents,

13 servants, and employees of each of the other defendants, and were acting within the full

14 course and scope of said agency and employment with the full knowledge and consent,

15 either express or implied, of each of the other defendants and are responsible therefore.

16 **NATURE OF THE ACTION**

17        5.      Over the past thirty years, the Commission has spent millions of dollars

18 funding the University's research program for breeding new varieties of strawberries so

19 that the Commission's growers can obtain the most advanced varieties that result from that

20 program.  The Commission is forced to bring this lawsuit because the University seeks to

21 exclude the Commission from the results of the research that the Commission funded, and

22 instead enter into a licensing agreement with a private entity that will not provide new

23 strawberry varieties to the Commission's growers.  The University thereby seeks to

24 appropriate for itself and a private entity, to the exclusion of the Commission, the fruits

25 (both literally and figuratively) of decades-long research that the Commission funded for

26 its benefit.

27 / / /

28 / / /

## OPERATIVE FACTS

6.  The University operates a program for researching and breeding new varieties of strawberries ("Pomology Program") out of the University of California at Davis.

7.  Since 1980, two researchers have directed the course of the Pomology Program -- Doug Shaw and Kirk Larson ("Shaw and Larson").

8.  The objective of the Pomology Program has been the development of a strawberry germplasm and new varieties of strawberries. A germplasm is a living tissue built upon, improved on, and modified over many years from which new varieties of plants, such as strawberries, are grown. It can be in the form of seeds or another plant part such as a stem, leaf, pollen, or a few cells that can be cultured into a whole plant.

9.  Since 1980, the Commission has funded the Pomology Program in exchange for access to the results of the program, which include the germplasm, the research data, and the varieties of strawberries grown from the germplasm.

10.  Each year from 1980 through 2012, the University submitted a Project Plan/Research Grant Proposal ("Project Plan") requesting a specific amount of money from the Commission to fund the Pomology Program.

11.  Each year from 1980 through 2012, the Commission and the University entered into a Research Agreement, which incorporated the Project Plan. Each Research Agreement:

   a.  Provides that it is a contractual agreement between the Commission and University under the direction of Shaw and Larson;

   b.  Provides that Shaw and Larson will perform services for the Commission in accordance with the Project Plan; that the immediate goal of the research is the release of new strawberry varieties; and that the longer-term goal is the development of improved germplasm from which new strawberry varieties can be grown;

   c.  Sets forth the amount the Commission will pay to the University; and

1         d.    Provides that all results achieved in connection with the project shall

2           be maintained for inspection by the Commission.

3      12.    In accordance with the Research Agreements, from 1980 through 2012, the

4 University under the direction of Shaw and Larson developed the improved germplasm

5 and used the germplasm to grow improved strawberry varieties.  The Commission's

6 strawberry growers obtained access to the new varieties of strawberries grown from the

7 germplasm by, among other things, acquiring clones of the new varieties from the

8 University.

9      13.    In late 2012, Shaw and Larson stated their intent to resign from the

10 Pomology Program and take the results of the Pomology Program, including the

11 germplasm, to establish their own private company to research and breed strawberries.

12 The majority of the Commission's growers will not obtain the new strawberry varieties

13 that Shaw and Larson will develop from the germplasm because Shaw and Larson intend

14 to exclusively distribute the new strawberry varieties to select growers.

15     14.    In spring of 2012, the University informed the Commission that it will not

16 replace Shaw and Larson upon their departure, and that it intends to terminate the

17 Pomology Program such that the University will no longer develop and sell new

18 strawberry varieties to the Commission's growers.  Instead, the University will license the

19 results of the Pomology Program to Shaw and Larson and/or their private company.

20     15.    Although the Commission funded the Pomology Program and the

21 development of the germplasm for over thirty years so that the Commission's growers can

22 obtain new strawberry varieties, the University and Shaw and Larson thus intend to

23 appropriate for themselves all the benefits resulting from the Pomology Program.  The

24 University and Shaw and Larson, if permitted to carry out their plan, will themselves

25 continue to economically benefit from the results of the Pomology Program that the

26 Commission funded, while the Commission's growers will be left with nothing.

27     16.    Additionally, the University's conduct jeopardizes the integrity of the

28 germplasm, including the living plants from which new varieties are grown, which need

1  constant maintenance and care.  The University has failed to give the Commission

2  reasonable assurance that such maintenance and care will be provided when it terminates

3  its Pomology Program.

**FIRST CAUSE OF ACTION**

**(Breach of Contract)**

6   17.   Plaintiff realleges and incorporates by reference paragraphs 1 through 16 as

7  though set forth in full.

8   18.   From 1980 through 2012, the Commission and the University entered into a

9  series of Research Agreements.

10   19.   Except for obligations which were excused, waived, discharged, or which the

11  University is estopped to assert, the Commission has performed all terms, conditions and

12  obligations on its part to be performed under the Research Agreements.

13   20.   The University has materially breached the Research Agreements by, among

14  other things, repudiating its obligations to provide the Commission with the results of the

15  Pomology Program, including without limitation, access to the new strawberry varieties

16  and the germplasm.  The University has further breached the Research Agreements by

17  failing to give reasonable assurances that it will continue to maintain the germplasm.

18   21.   The University's wrongful conduct in repudiating its obligations under the

19  Research Agreements will cause great and irreparable injury to the Commission unless and

20  until enjoined by order of this Court.  The Commission's growers cannot obtain new

21  strawberry varieties from the germplasm if the University is permitted to license the

22  germplasm to Shaw and Larson's private entity and terminate the Pomology Program

23  while simultaneously assuring to itself the continuing economic benefits of the

24  Commission's decades-long investment.

25   22.   The Commission is informed and believes, and based thereon alleges, that

26  without issuance of the injunction by this Court, the University will continue the acts

27  herein complained of by licensing the germplasm to Shaw and Larson and/or their private

28  entity, terminating the Pomology Program, and not providing the necessary care and

1 | maintenance of the germplasm.

2 | 23. The Commission has no adequate remedy at law for this imminent and

3 | irreparable harm.

4 | 24. As a further direct and proximate result of the University's acts of breach

5 | described herein, the Commission has suffered damages in excess of the jurisdictional

6 | amount of this Court in an amount to be proved at trial, together with penalties and/or

7 | interest as allowed by law.

8 | **SECOND CAUSE OF ACTION**

9 | **(Breach of Implied Contract)**

10 | 25. The Commission realleges and incorporates by reference paragraphs 1

11 | through 24 as though set forth in full.

12 | 26. Alternatively, an implied-in-fact contract exists requiring the University (1)

13 | to provide the Commission with the results of the Pomology Program, including without

14 | limitation access to the germplasm and the new strawberry varieties grown from the

15 | germplasm, and (2) to maintain the germplasm for the Commission's benefit.

16 | 27. This contract is implied from at least the following conduct: (1) the

17 | University sought funding from the Commission every year from 1980 through 2012 for

18 | the Pomology Program, the goal of which is to release new strawberry varieties to the

19 | Commission's growers and develop improved germplasm from which new strawberry

20 | varieties can be grown and supplied to the Commission's growers; (2) the Commission

21 | provided the requested funding every year from 1980 through 2012; and (3) the University

22 | provided the Commission's growers new strawberry varieties grown from the germplasm

23 | each year from 1980 through 2012.

24 | 28. The University has materially breached the Research Agreements by

25 | repudiating its obligations to provide the Commission with the results of the Pomology

26 | Program, including without limitation, access to the germplasm and the new strawberry

27 | varieties grown from the germplasm. The University has further breached the Research

28 | Agreements by failing to give the Commission reasonable assurances that it will continue

1   to maintain the germplasm.

2       29.   The University's wrongful conduct in repudiating its obligations under the

3   Research Agreements will cause great and irreparable injury to the Commission unless and

4   until enjoined by order of this Court. The Commission's growers cannot obtain new

5   strawberry varieties from the germplasm if the University is permitted to license the

6   germplasm to Shaw and Larson and/or their private entity and terminate the Pomology

7   Program while simultaneously assuring to itself the continuing economic benefits of the

8   Commission's decades-long investment.

9       30.   The Commission is informed and believes, and based thereon alleges, that

10   without issuance of the injunction by this Court, the University will continue the acts

11   herein complained of by licensing the germplasm to Shaw and Larson and/or their private

12   entity, terminating the Pomology Program, and not providing the necessary care and

13   maintenance of the germplasm.

14       31.   The Commission has no adequate remedy at law for this imminent and

15   irreparable harm.

16       32.   As a further direct and proximate result of the University's acts of breach

17   described herein, the Commission has suffered damages in excess of the jurisdictional

18   amount of this Court in an amount to be proved at trial, together with penalties and/or

19   interest as allowed by law.

20                     **THIRD CAUSE OF ACTION**

21                         **(Declaratory Relief)**

22       33.   Plaintiff realleges and incorporates by reference paragraphs 1 through 32 as

23   though set forth in full.

24       34.   An actual controversy has arisen and now exists between the Commission,

25   on the one hand, and the University, on the other hand, regarding their respective rights,

26   remedies, liabilities, and obligations under the contracts between these parties.

27       35.   The Commission contends that under the contracts between the parties, the

28   University is required (1) to provide the Commission access to the results of the Pomology

1  Program, which include the germplasm, the research data, and the varieties of strawberries

2  grown from the germplasm, and (2) maintain the germplasm in good condition and

3  preserve its integrity.

4       36.    The Commission is informed and believes and on that basis alleges that the

5  University disputes each of these contentions.

6       37.    The Commission thus seeks a judicial determination of the respective rights,

7  remedies, and obligations of the parties with respect to the contracts between the

8  Commission and the University.  Such a declaration is appropriate at this time to allow the

9  parties to ascertain their respective rights, duties, and obligations under the contracts.

10                        **PRAYER FOR RELIEF**

11       **WHEREFORE**, the Commission prays for judgment against the University as

12  follows:

13       1.    For a preliminary and permanent injunction: (1) enjoining the University

14  from licensing the germplasm to Shaw and Larson and/or any entity under their direction

15  or control; (2) enjoining the University from denying the Commission access to the results

16  of the Pomology Program, including the germplasm, the research data, and the varieties of

17  strawberries grown from the germplasm, and (3) directing the University to maintain and

18  preserve the germplasm.

19       2.    For damages according to proof; and

20       3.    For such other and further relief as the Court deems just and proper.

21  Dated:  October 8, 2013              RUTAN & TUCKER, LLP

22

23  By: _____

24              Michael Adams
            Attorneys for Plaintiff
25            California Strawberry Commission

26

27

28

Rutan & Tucker, LLP
attorneys at law

2222/029416-0002
6011225.7 a10/07/13

-8-
COMPLAINT